Raymond THOMAS, Plaintiff,

v.

Larry NORRIS, Warden; Marvin Evans, Assistant Warden; and A.L. Lockhart, Director, Arkansas Department of Correction, Defendants.

No. PB–C–84–429.

United States District Court,
E.D. Arkansas.

Oct. 30, 1984.

Raymond Thomas, pro se.

Patricia G. Cherry, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

This case comes before the Court on defendants' motion for summary judgment, supported by the affidavit of A.L. Lockhart, the Director of the Arkansas Department of Correction. Fed.R.Civ.P. 56(b) requires that "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." While plaintiff contests defendants' position on the motion for summary judgment, he has advanced no evidence in support of his opposition.

The facts of this case are not substantially in dispute. It is admitted that Muslim religious services at the Maximum Security Unit of the Arkansas Department of Correction have been temporarily suspended as a result of disturbances connected with such services at the Cummins Unit. The ringleaders of the Cummins disturbances were transferred to the Maximum Security Unit, and Muslim services at the Maximum Security Unit were then temporarily suspended due to potential security risks. Lockhart's affidavit states that the situation is being evaluated weekly, and that "as the threat to security decreases, it is likely that the services will be reinstituted."

Plaintiff claims that his constitutional rights are being violated by the suspension of Muslim services. While a permanent suspension of such services might indeed constitute a violation, the temporary suspension involved in this case does not. While freedom to believe any religious tenets is absolute, the freedom to exercise those beliefs is not. *Sharp v. Sigler,* 408 F.2d 966 (8th Cir.1969). This is especially true in the context of prison worship services. The State clearly has an interest in maintaining order, security, and discipline within its prisons, and has broad discretion to promote those interests. *Otey v. Best,* 680 F.2d 1231 (8th Cir.1982). Where, as here, prison officials produce evidence that permitting the exercise of first amendment rights would create a potential security risk, the courts must defer to their judgment unless the prisoner produces substantial evidence that the officials have exaggerated their response to security considerations or that their beliefs are unreasonable. *Id.* at 1233. Plaintiff has advanced no such evidence. Without such evidence, there is no genuine issue of material fact to be tried. Plaintiff's first amendment rights have not been violated, and the motion for summary judgment must be granted.